9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen CHRISTMAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVS., Defendant-Appellee.
 No. 92-4274.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1993.
 
 Before: MERRITT, Chief Judge; Norris and Suhrheinrich, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Karen Christman appeals from a decision of the Secretary of Health and Human Services denying her social security disability benefits. The Secretary found that Ms. Christman's ailments do not rise to the level of disability under the relevant regulations and contends that plaintiff was not disabled at any time between July 1, 1980, when she last worked, and September 30, 1985, when her disability insurance lapsed. The district court upheld the decision of the Secretary and dismissed plaintiff's action on cross motions for summary judgment. On appeal, Ms. Christman again argues that she was disabled within the meaning of the regulations prior to 1985.
 
 
 2
 We are constrained to assess only whether that record contains substantial evidence to support the Secretary's decision. Section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. Sec. 405(g) (1988); Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938)). Based on the medical testimony taken in this case, a reasonable person could find that Ms. Christman was capable of working during the period of her social security coverage. Accordingly, we affirm.
 
 
 3
 In 1979 Karen Christman was diagnosed with Addison's Disease, which reduces the body's ability to ward off infection and can result in a "crisis" of weakness, nausea, emotional instability and extremely low blood pressure. At the time of her diagnosis, Ms. Christman was hospitalized for two weeks, after which she received treatment for her condition which kept the disease under reasonable control. In July, 1980 she left her office job and has not worked since. In 1982 Ms. Christman suffered a second Addisonian crisis and was again hospitalized. In 1988 she suffered a number of Addisonian crises and her condition markedly deteriorated.
 
 
 4
 Based on a review of her medical records, the endocrinologist who treated Ms. Christman between 1979--1981, Dr. Thomas J. Skillman, testified at a hearing before an administrative law judge that plaintiff should be able to work as a secretary. The clinic notes of her family physician, Dr. David Hickson, support this opinion. Plaintiff's own testimony indicates that during the critical period prior to September 30, 1985, a crisis occurred quarterly and lasted a day or two but otherwise pain was not a significant part of her problem. Two other medical experts, Drs. Ronald Bloomfield and Elmer Engleman, and a vocational expert, Mr. Charles Loomis, also testified that Ms. Christman was capable of performing sedentary work of the sort in which she had previously been engaged. The testimony of all three doctors was based primarily on review of the plaintiff's medical records.
 
 
 5
 On the basis of this evidence, the administrative law judge held that while Ms. Christman's "impairments produced some limitations on her ability to work before October 1985 ... she had the residual functional capacity to perform a full range of light work before the expiration of her insured status on September 30, 1985." This finding conflicts with the testimony of Dr. James Falko, Ms. Christman's endocrinologist since 1980, who stated in 1989 that plaintiff had been unable to work since 1982 or 1983. Although the administrative law judge acknowledged that the opinions of treating physicians are generally afforded substantial deference, he rejected Dr. Falko's opinion on the basis that it consisted primarily of broad conclusory statements and was not supported by sufficient medical data. We agree. The regulations indicate that "a statement by your physician that you are disabled or unable to work does not mean that we will determine that you are disabled. [The Secretary has] to review the medical findings and other evidence that support a physician's statement that you are disabled." 20 C.F.R. Sec. 404.1527 (1991) (emphasis in original). Thus, we cannot say that the ALJ rejected the opinion of Dr. Falko improperly. The opinions of treating physicians are entitled to substantial weight but the ALJ is not bound by the conclusory statements of doctors, particularly where unsupported by detailed objective criteria and documents. Section 223(d)(2)(A), as amended 42 U.S.C. Sec. 423(d)(2)(A) (1988); Cohen v. Secretary of Health and Human Servs., 964 F.2d 524, 528 (1992). The medical testimony given by Drs. Skillman, Bloomfield and Engleman and the notes submitted by Dr. Hickson adequately support the decision of the Secretary and the holding of the ALJ.
 
 
 6
 Plaintiff also contends that her illness falls within the listed category 109.07 of adrenal cortical insufficiency and challenges the constitutionality of the limitation of this category to individuals under the age of eighteen. We agree with the district court's finding that a rational basis exists for age-based distinctions with respect to social security benefits. Plaintiff's equal protection claim is without merit. We also agree with the district court that even if Listing 109.07 applied to plaintiff she could not claim benefits under it since she lacks the requisite recurrent episodes of circulatory collapse. Ms. Christman experienced only one Addisonian Crisis during the relevant period, July 1, 1980--September 30, 1985.
 
 
 7
 Affirmed.